NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CHARLES W. HECKMAN,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2012-7079

---

Appeal from the United States Court of Appeals for Veterans Claims in 10-3226, Judge Robert N. Davis.

---

Decided: September 10, 2012

---

CHARLES W. HECKMAN, of Olympia, Washington, pro se.

K. ELIZABETH WITWER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE DAVIDSON, Director, TODD M. HUGHES, Deputy Director. Of counsel

on the brief were DAVID J. BARRANS, Deputy Assistant Attorney General, and AMANDA R. BLACKMON, United States Department of Veterans Affairs, of Washington, DC.

———————————————

Before PROST, MOORE, and REYNA, *Circuit Judges.*

PER CURIAM.

Charles W. Heckman petitions for review of the decision of the United States Court of Appeals for Veterans Claims (CAVC) affirming the September 2, 2010 decision of the Board of Veterans' Appeals (the Board) denying his claim for non-service-connected pension benefits before August 23, 2006. *Heckman v. Shinseki*, No. 10-3226 (Vet. App. Jan. 19, 2012). For the reasons discussed below, we *affirm*.

BACKGROUND

Mr. Heckman is a decorated Vietnam veteran who served on active duty in the United States Air Force from January 1964 to November 1968. In 2001, Mr. Heckman filed a claim seeking non-service-connected pension benefits based on his belief that his status as a Vietnam veteran was a disability that disqualified him from employment in the United States. Though Mr. Heckman has physical disabilities including hypertension, conjunctivitis, rosacea, and a right knee disability, he argued that his status as a veteran, and not a physical or mental disorder, prevented him from obtaining employment. In January 2005, the Veterans Affairs (VA) regional office denied Mr. Heckman's claim, and he did not appeal.

In January 2006, Mr. Heckman filed a second claim seeking non-service-connected pension benefits, again based on the theory that his status as a Vietnam veteran

is a disability.  In September 2006, the VA regional office granted Mr. Heckman a pension based on his attainment of age sixty-five effective August 23, 2006, the day of his sixty-fifth birthday.  The VA regional office determined Mr. Heckman had a forty percent combined disability rating, but noted that the benefits were *not* based upon a disability affecting employment.  Mr. Heckman appealed the September 2006 decision to the Board, claiming that he was entitled to an earlier effective date for the award based on total disability due to the negative perceptions of his status as a Vietnam veteran.  Additionally, Mr. Heckman argued that the VA failed in both its duty to assist and its duty to notify him of the January 2005 decision denying his claim.  The Board rejected Mr. Heckman's arguments and concluded that he did not meet the criteria for an earlier assignment of pension benefits.

Mr. Heckman appealed to the CAVC.  Mr. Heckman first argued that the VA misinterpreted the word "disability," as used in 38 U.S.C. §§ 1502(a) and 5110(a).  Mr. Heckman claimed the VA's narrow understanding of "disability" was contrary to Congressional intent and the plain meaning of the word.  He next argued that the VA failed in its duty to assist him by not providing access to his records.  Finally, Mr. Heckman claimed the VA failed to give him notice of the January 2005 denial of his claim.

The CAVC disagreed. It held that "disability," as used in the statute, requires a physical or mental impairment, and not just status as a veteran.  Although the CAVC found that the VA may have failed to assist Mr. Heckman in obtaining his records, it concluded any error was harmless because the records did not contain evidence that would support his legally deficient claim.  Finally, the CAVC found that the VA had given Mr. Heckman sufficient notice of the January 2005 denial.  Mr. Heckman

timely appealed.  We have jurisdiction pursuant to 38 U.S.C. § 7292(a).

## DISCUSSION

We have jurisdiction to review a CAVC decision "with respect to the validity of a decision of the [CAVC] on a rule of law or of any statute or regulation . . .  or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [CAVC] in making the decision."  38 U.S.C. § 7292(a).  We do not have jurisdiction to review factual determinations absent a constitutional challenge.  *Id.*  We must set aside any decision by the CAVC that is found to be "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law."  38 U.S.C. § 7292(d)(1).

Pursuant to 38 U.S.C. §§ 1513 and 1521, a "veteran . . . who is 65 years of age or older" and has "served in the active military, naval, or air service for ninety days or more during a period of war" shall receive a pension.  38 U.S.C. §§ 1513, 1521.  This pension is a "service pension" and does not require a disability.  *See id.*  To receive a non-service-connected disability pension before the age of 65, a veteran must meet the ninety day service requirement and also be "permanently and totally disabled from [a] non-service-connected disability not the result of the veteran's willful misconduct."  38 U.S.C. § 1521(a).  To be considered "permanently and totally disabled" a veteran must be:

> (1) A patient in a nursing home for long-term care because of disability.

(2) Disabled, as determined by the Commissioner of Social Security for purposes of any benefits administered by the Commissioner.

(3) Unemployable as a result of disability reasonably certain to continue throughout the life of the person.

(4) Suffering from—

(A) Any disability which is sufficient to render it impossible for the average person to follow a substantially gainful occupation, but only if it is reasonably certain that such disability will continue throughout the life of the person ; or

(B) any disease or disorder determined by the Secretary to be of such a nature or extent as to justify a determination that persons suffering therefrom are permanently and totally disabled.

38 U.S.C. § 1502.

Effective August 2006, Mr. Heckman was entitled to a "service pension" because he reached the age of 65 and had served over ninety days of active service during the Vietnam War. Though the VA regional office explained the pension was awarded because Mr. Heckman reached the age of 65, Mr. Heckman argues that prior to 2006 he qualified for a pension because he was "permanently and totally disabled" based on unemployability, and that his inability to find employment in the United States is due to his status as a Vietnam veteran. Because he believes his status as a Vietnam veteran is a disability or "perceived disability," Mr. Heckman claims that he is "permanently and totally disabled" pursuant to 38 U.S.C. § 1502(4)(A) and was therefore entitled to an earlier date for his non-service-disability pension.

Mr. Heckman is correct that the term "disability" is not defined in the section dealing with a non-service-disability pension. Other statutory and regulatory sections, however, define "disability" in a similar context as a physical or mental impairment. *See* 38 U.S.C. §1701 ("The term 'disability' means a disease, injury, or other physical or mental defect."); 38 C.F.R. § 4.15 ("Total disability will be considered to exist when there is present any impairment of mind or body which is sufficient to render it impossible for the average person to follow a substantially gainful occupation . . . ."). This definition is also consistent with the plain meaning of the word "disability." For example, *The American Heritage Dictionary of the English Language*, 4th Ed. (2006), and *Webster's Third New International Dictionary of the English Language Unabridged*, (2002), both define "disability" as "the condition of being disabled." "Disabled," in turn, is defined as "impaired, as in physical functioning" and "incapacitated by or as if by illness, injury, or wounds," respectively. *Id.* Finally, we note that under Mr. Heckman's definition, every veteran would immediately be eligible for a pension. This cuts against the plain language of the statute, which is limited to a "veteran . . . who meets the service requirements of this section . . . *and* who is permanently and totally disabled from non-service-connected disability." 38 U.S.C. § 1521(a) (emphasis added). We therefore conclude that the CAVC correctly held that Mr. Heckman's status as a veteran is not a "disability" within the meaning of the statute. We have considered Mr. Heckman's remaining arguments on appeal and find them unpersuasive.

## AFFIRMED

### COSTS

No costs.